**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Vivian C. Hodgdon


        v.                                    Civil No. 06-cv-295-JD


Merrimack County Department
of Corrections


**REPORT AND RECOMMENDATION**


    Vivian Hodgdon has filed, pro se and in forma pauperis, a
"Petition for Writ of Habeas Corpus" (document no. 1).  The
petition seeks Hodgdon's immediate release from the Merrimack
County House of Corrections and transportation to her home by the
Merrimack County Sheriff's Department.  This matter is before me
for preliminary review.  See Rule 4 of the Rules Governing § 2254
Proceedings (requiring initial review to determine whether the
petition is facially valid); see also United States District
Court for the District of New Hampshire Local Rule ("LR")
4.3(d)(2) (authorizing the magistrate judge to preliminarily
review pro se pleadings).  Because I find that Hodgdon's petition
is in this Court erroneously, I recommend this action be
dismissed in its entirety.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and

2

meaningful consideration.  See Eveland v. Dir. of C.I.A., 843
F.2d 46, 49 (1st Cir. 1988).

## Background

Hodgdon alleges that on the morning of July 26, 2006, she
was discharged from the Concord Hospital.  On that day, two
police officers contacted Hodgdon's son and directed him to bring
Hodgdon into the Franklin District Court to turn herself in on an
outstanding warrant for her arrest.  Hodgdon went to the Franklin
District Court that day to resolve the warrant.  She was
arraigned and bail was set at $20,000, which she was apparently
unable to post.  Hodgdon alleges that as of the time she filed
this petition, she was unaware of why she was being detained and
did not have legal representation.

## Discussion

Federal habeas relief is available to a person in state
custody who alleges that her incarceration violates the
constitution, statutes, or other laws of the United States.  28
U.S.C. § 2254.  Hodgdon does not state precisely what laws or
constitutional guarantees have been violated by her
incarceration.  Liberally construing the petition, however, I
find that she alleges that her pretrial detention on bail,

without counsel and without an adequate opportunity to be heard,
violates the Eighth Amendment's prohibition against excessive
bail, the Sixth Amendment's guarantee of the effective assistance
of counsel, and her rights under the Fourteenth Amendment's Due
Process clause.  U.S. Const. Amend. VI, VIII, & XIV.

To be eligible to pursue habeas relief, Petitioner must show
that she is both in custody and has exhausted all state court
remedies or that she is excused from exhausting those remedies
because of an absence of available or effective state corrective
process.  28 U.S.C. § 2241 and § 2254(a) & (b); see Braden v.
30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Benson v.
Super. Ct. Dep't of Trial Ct. of Mass., 663 F.2d 355, 358-59 (1st
Cir. 1981).  Hodgdon satisfies the first requirement as she is
currently in custody.  However, the petition does not establish
satisfaction of the exhaustion requirement.

A petitioner's remedies in New Hampshire are exhausted when
the State's highest court has had an opportunity to rule on the
petitioner's federal constitutional claims.  See Lanigan v.
Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S.
1007 (1989) ("habeas corpus petitioner must have presented the
substance of his federal constitutional claim to the state

appellate courts so that the state had the first chance to

correct the claimed constitutional error"); see also Picard v.

Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have

fairly presented the federal nature of his claims to the state

courts to give them the first opportunity to remedy the claimed

constitutional error).

New Hampshire law provides a state corrective process by

which a bail order in the Franklin District Court could be

reviewed by the higher state courts.  N.H. Rev. Stat. Ann. §

597:6-e states in pertinent part that:

> II.  The person or the state may file with the
> superior court a motion for revocation of the order
> or amendment of the conditions of release set by a
> municipal or district court, by a justice or by a
> bail commissioner.  The motion shall be determined
> promptly. . . .
>
> III. The person, or the state . . ., may appeal to
> the supreme court from a court's release or
> detention order, or from a decision denying
> revocation or amendment of such an order.  The
> appeal shall be determined promptly.

The petition does not demonstrate that any attempt was made to

appeal to the state's superior or supreme court regarding the

bail-related issues raised herein.  Accordingly, I find that

Hodgdon has failed to exhaust her state remedies prior to filing

this action and recommend that this petition be dismissed without

prejudice to refiling the claims in the state courts or to returning to this Court with appropriate exhausted claims should the state courts fail to remedy the alleged constitutional violations.

Conclusion

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13–14 (1st Cir. 1992); United States v. Valencia–Copete, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date:     September 6, 2006

cc:       Vivian C. Hodgdon, pro se

6